UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARMI MUKESHKUMAR PATEL and SACHINKUMAR MUKESHBHAI PATEL, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM in her official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | No. 24 C 12739 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs seek an order compelling Defendants to adjudicate a pending Form I-601 application for an unlawful presence waiver. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. R. 7. For the following reasons, that motion is granted.

**Background**

Sachinkumar Mukeshbhai Patel, an Indian national, is married to Charmi Mukeshkumar Patel, a United States citizen and Illinois resident. R. 1 ¶¶ 7, 12–13. In September 2021, Charmi filed a Form I-130 alien relative visa petition for Sachinkumar. *Id.* ¶ 14. Sachinkumar attended his consular interview in India in October 2022 and was told he needed a waiver of inadmissibility for his prior unlawful presence in the United States. *Id.* ¶ 15. Congress has given the Secretary of Homeland Security the exclusive authority to waive an applicant's past unlawful presence if he or she is a spouse or a child of a U.S. citizen or permanent resident,

1

and if he or she can demonstrate that a denial of admission would cause "extreme hardship" to that relative. *See* 8 U.S.C. § 1182(a)(9)(B)(v). In December 2022, Sachinkumar filed a Form I-601 application for such a waiver, which remains pending. R. 1 ¶¶ 16, 20. Plaintiffs bring a single claim of unreasonable delay under the Mandamus Act and seek an order compelling the adjudication of Sachinkumar's application.

## Legal Standard

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint[.]" *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). Where, as here, a defendant brings a facial challenge to subject matter jurisdiction, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The burden of establishing subject matter jurisdiction rests with the party asserting it. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

## Discussion

Plaintiffs state that the Court has subject matter jurisdiction because the Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA") requires agencies to conclude matters, such as the adjudication of a waiver applications, "within a reasonable time," 5 U.S.C. § 555(b). Plaintiffs also cite provisions of the Immigration and Nationality Act ("INA")

about the duty of U.S. Citizenship and Immigration Services ("USCIS") to adjudicate I-601A provisional waiver applications. *See* 8 C.F.R. § 212.7(e)(8)–(9).

The problem for Plaintiffs is that Section 1182(a)(9)(B)(v) strips this Court of jurisdiction to review their unreasonable delay claim. Section 1182(a)(9)(B)(v) provides that "[n]o court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). And as this Court and others have held, unreasonable delay claims like the one in this case necessarily involve the review of an "action . . . regarding a waiver." *See, e.g.*, *Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024) ("Soni observes that delay in addressing an application is not a 'decision' on that application. Granted. His problem is that courts lack jurisdiction to review a 'decision or action regarding' a waiver. Setting priorities . . . is an 'action regarding' waivers."); *Real v. USCIS*, No. 23 C 14684, 2024 WL 764474, at *2 (N.D. Ill. Feb. 9, 2024) ("[H]ow USCIS chooses to prioritize its work, and at what pace, is an 'action' by the agency 'regarding a waiver under [that] clause.'"); *Boczkowski v. Mayorkas*, No. 23-cv-2916, Dkt. 16, slip op. at 1 (N.D. Ill. Oct. 6, 2023) ("[I]naction is a form of action for purposes of [Section 1182(a)(9)(B)(v)].").

Plaintiffs' arguments to the contrary are unavailing. First, Plaintiffs contend that "Defendants are incorrect in asserting that the APA precludes judicial review over an unreasonable delay claim." R. 12 at 3. As an initial matter, the APA does not authorize judicial review of agency inaction on an unlawful presence waiver. *Soni*, 103 F.4th at 1273 (citing 5 U.S.C. §§ 701(a)(1), 706(1)). More critically, Defendants do not argue that a jurisdictional bar within the APA precludes judicial review here.

3

Rather, Defendants argue that Section 1182(a)(9)(B)(v) of the INA precludes judicial review of Plaintiffs' claim. The history and purpose of the APA do not change the plain language of Section 1182(a)(9)(B)(v).

Second, Plaintiffs argue that the previously cited case law is inapposite because those cases involved Form I-601A applications, not the Form I-601 application at issue here.[1] But that factual distinction does not make an analytical difference. Sachinkumar filed a Form I-601 application for an unlawful presence waiver. And Section 1182(a)(9)(B)(v) governs the adjudication of applications for unlawful presence waivers, whether sought by Form I-601 or Form I-601A. *See Garcia v. USCIS*, No. 23 CV 15604, 2024 WL 5278831, at *1 (N.D. Ill. Dec. 23, 2024) (dismissing for lack of subject matter jurisdiction complaint alleging unreasonable delay in processing I-601 application under the APA and Mandamus Act).

Third, Plaintiffs claim that Section 1182(a)(9)(B)(v) does not apply because they are not asking the Court to "review" how Defendants are processing Sachinkumar's application, but instead asking the Court to compel Defendants to make a decision. R. 12 at 6. But, as discussed, determining whether Plaintiffs are entitled to this relief would necessarily involve a review of Defendants' actions

---

[1] Form I-601 is used to apply for a waiver for a variety of grounds of inadmissibility, including unlawful presence. Form I-601A is used to apply for an unlawful presence waiver in a particular scenario. Generally, foreign nationals cannot apply for waivers until after they have appeared for their visa interview abroad and a consular officer has determined they are inadmissible. 22 C.F.R. §§ 40.92(c), 42.62(a)–(b). However, foreign nationals who live in the U.S. can use Form I-601A to apply for an unlawful presence waiver before departing for their visa interview, thereby avoiding the three- or ten-year bar on reentry.

regarding waivers. Section 1182(a)(9)(B)(v) precludes such review. *See Soni*, 103 F.4th at 1273 ("No review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable."). Therefore, the Court lacks jurisdiction to hear Plaintiffs' claim.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss. Plaintiffs' complaint is dismissed without prejudice for lack of subject matter jurisdiction.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: March 31, 2025